Peck, J.
delivered the opinion of the court.
The question debated is, whether on the breach assigned, the plaintiff should have recovered the sum of $600, with interest? We are of opinion he ought. The issue *450 was on the performance of the covenant; in that the defendant has failed. The plaintiff was entitled to the note at the time of the valuation; it was the essence of the agreement, as much as the payment of the money. -That payment was to be secured by giving the note, and on failure of giving the note, the covenant was broken. On its face, it showed-the damages six hundred dollars, with interest.
It is said, however, because there was a future day fixed for the payment of the damages, a verdict to the whole amount was excessive; and that the party, to have had-the whole, should have waited until the twenty-fifth of December, and suing before that day, the damages would only be nominal, or at least not to the amount of the verdict. Answer: The action well lay, when the. defendant had broken his covenant, by failing to give the note. The plaintiff could have but one satisfaction, (Com. Dig. 229;) and who will pretend that the note, if given, would not have been of the value of the sum recovered? Shall the defendant be heard to say, his note with interest is worth less than its nominal amount? We think the plea does not lie with him.
It is again said, that the covenant is misrecited in the declaration; that, in fact, it is not that the note shall be given with interest. Answer: We cannot go beyond the declaration and plea. The party should have craved oyer and demurred for the variance, if it existed. He has not done so; but on the contrary, by his plea of covenant performed, admits the covenant as set out. The objection comes too late. The merits were reached by the verdict and judgment of the county court. .Proceeding on the premises in the record, judgment of the circuit court reversed, and judgment of the county court affirmed. 1 Com. Dig. 22: Salk. 666: 2 Ld. 814: 2 Esp. N. P. 224.
Judgment reversed.